IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  v.                                  Crim. Action No. 1:19-CR-54
                                            (Judge Kleeh)

**KEITH EDWARD ROSS and**
**DARRELL ERNEST REESE,**

    **Defendants.**

**ORDER GRANTING UNOPPOSED MOTION TO FILE A PRETRIAL MOTION**
**OUT-OF-TIME AND TO CONTINUE CASE [ECF NO. 49]**

Pending before the Court is *Defendant's Unopposed Motion for Leave to File a Pretrial Motion Out-of-Time and to Continue Case* [ECF No. 49]. Hilary Godwin, counsel for Defendant Darrell Ernest Reese ("Reese"), writes that during her review of discovery, a question arose that presented a potential ground for a motion to suppress. Her attempts to acquire additional information took longer than anticipated. Ms. Godwin states that her Motion is unopposed by Assistant United States Attorney Zelda Wesley and by counsel for Co-Defendant Keith Ross. Ms. Godwin writes that Reese waives his right to a speedy trial.

Upon consideration and for good cause shown, the Court hereby **GRANTS** the Motion [ECF No. 49] and **DISMISSES AS MOOT** the motion docketed at ECF No. 48. Accordingly, the pretrial conference and

**ORDER GRANTING UNOPPOSED MOTION TO FILE A PRETRIAL MOTION
OUT-OF-TIME AND TO CONTINUE CASE [ECF NO. 49]**

jury trial in this matter are **CONTINUED**. The following deadlines will govern this case moving forward:

- All motions, including any motion for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure and LRCrP 47.01, shall be filed on or before **Monday, January 6, 2020.** All such motions shall contain or be accompanied by a memorandum or brief presented at the time of filing, setting forth the reasons and legal support for granting such motion. If this memorandum or brief is not presented at the time of filing, the motion will be dismissed.

- Responses to all such motions with legal support or memorandum shall be filed on or before **Friday, January 10, 2020.**

- A hearing on all motions, if referred to the Magistrate Judge by the Court, shall be held by the Magistrate Judge on **Wednesday, January 15, 2020, at 10:00 a.m. in Clarksburg, West Virginia.** If pretrial motions require the taking of testimony, the party offering the testimony shall notify the Magistrate Judge's Chambers seven (7) days prior to the hearing to obtain a court reporter for the hearing. The defendant shall be present at the hearing on all pretrial motions. The United States Marshals Services requires that subpoenas for witnesses be issued ten days prior to the date of the hearing.

- Rule 404(b), Giglio, and Roviaro evidence shall be disclosed on or before **January 31, 2020**. LRCrP 16.06.

- It is requested that the Government disclose materials described in 18 U.S.C. § 3500 (Jencks Act material) on or before **January 31, 2020.**

- All proposed voir dire questions, motions in limine (which must be limited to matters actually in dispute), and proposed jury instructions shall be submitted by counsel to the Court and opposing counsel on or before **January 31, 2020**. LRCrP 24.01.

The proposed jury instructions will (1) contain the style of the case, (2) contain the name of the party submitting the jury instructions, (3) be separately and consecutively numbered, (4) state by title the subject matter of the instruction, and (5) include a recorded citation of authority in support of the proposed jury instruction.

Objections to opposing counsel's instructions of law are due in writing no later than the last working day before trial. Counsel are required to provide to the Court by email the voir dire and instructions in Microsoft Word format. Please contact the District Judge's Chambers for an email address prior to filing.

**ORDER GRANTING UNOPPOSED MOTION TO FILE A PRETRIAL MOTION
OUT-OF-TIME AND TO CONTINUE CASE [ECF NO. 49]**

- By **January 31, 2020,** counsel for each party shall file with the United States Clerk's Office (Clarksburg Division) and serve upon opposing counsel a list of probable witnesses and possible witnesses (identified as such), but not whether or not the Defendant shall be a witness. The list shall state the full name and address of each witness and shall also contain a brief statement of the subject matters to be covered by each witness. Expert witnesses and record custodians shall be identified as such on the list. LRCrP 16.07.

- By **January 31, 2020,** counsel for each party shall file with the United States Clerk's Office (Clarksburg Division) and serve upon opposing counsel a list of exhibits to be offered at trial. In addition, counsel for each party shall number the listed exhibits with evidence tags, which may be obtained from the Clerk, and shall exchange a complete set of marked exhibits with opposing counsel (except for large or voluminous items or other exhibits that cannot be reproduced easily). LRCrP 16.08.

- If this matter results in the formulation of a plea agreement, counsel shall submit to the Court the executed plea agreement or an unexecuted final proposed agreement by **January 31, 2020.**

**ORDER GRANTING UNOPPOSED MOTION TO FILE A PRETRIAL MOTION
OUT-OF-TIME AND TO CONTINUE CASE [ECF NO. 49]**

- A pretrial conference in this case will be held on **Tuesday, February 4, 2020, at 10:00 a.m., at the Clarksburg, West Virginia**, point of holding court (Second Floor), before the Honorable Thomas S. Kleeh, to discuss all pending matters and to confirm the trial date.

- Jury selection in this matter will be conducted on **Tuesday, February 18, 2020, at 9:30 a.m., at the Clarksburg, West Virginia**, point of holding court (Second Floor), before the Honorable Thomas S. Kleeh. Trial will commence upon completion of jury selection in all cases scheduled for trial (**two days reserved**).

In continuing the trial, the Court has considered the factors outlined in 18 U.S.C. § 3161, and the Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the Defendant in a speedy trial. Specifically, the Court finds that this time should be excluded from speedy trial computation because the failure to grant a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." See 18 U.S.C. § 3161(h)(7)(B)(iv). Additionally, the failure to grant the

requested continuance would be likely to result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i).

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: December 4, 2019

*Tom S Kleeh*
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE